IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**ANDREW RODGERS and**
**MARIA E. RODGERS, Individually and**
**As Parents and Natural Guardians of L.R.,**
**A Deceased Minor**

 Plaintiffs

*v.*

                 *NO. 4:21-cv-185*

**WEBER INC. and**
**HOME DEPOT U.S.A, INC.**

 Defendants

## COMPLAINT FOR WRONGFUL DEATH

Come now the Plaintiffs, Andrew Rodgers and Maria E. Rodgers, Individually and as Parents and Natural Guardians of L.R., A Deceased Minor, (hereinafter "Rodgers"), and for their cause of action against the Defendants, Weber Inc. ("Weber") and Home Depot U.S.A., Inc. ("Home Depot"), and state the following:

### PARTIES

1. Andrew Rodgers and Maria E. Rodgers are citizens of the State of Indiana residing in Harrison County, Indiana.

2. Andrew Rodgers and Maria E. Rodgers are the natural parents of L.R., a minor, who died at age 15 months on March 11, 2021.

3. Defendant Weber Inc. is a Delaware corporation with Its principal place of business in Palatine, Illinois.

4. Defendant, Home Depot U.S.A., Inc, is a Delaware corporation with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339. It is registered to do business in the State of Indiana and its Resident Agent is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(2) in that there is diversity of citizenship between the parties and the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

6. The amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand Dollars ($75,000.00).

## VENUE

7. Venue is appropriate in this Court as the factual predicate for this cause occurred in Harrison County, Indiana.

## FACTS

8. On August 25, 2020, the Plaintiffs purchased a Weber propane grill from Defendant Home Depot at 2239 State Street in New Albany, Indiana.

9. The specific model of the grill was a Weber Spirit II E-310, part number 4501001, serial number VW6140183.

10. Defendant Weber manufactured and distributed the grill into the stream of commerce.

11. Defendant Home Depot sold and placed the grill into the stream of commerce.

12. The grill included a matchstick holder attached on a chain beneath the right side tray. The matchstick holder is a long thin piece of metal designed to hold a match for manual lighting of the grill.

13. The matchstick holder includes a long length of thin metal chain that dangles down from the grill in a loop.

14. The chain loop of the matchstick holder created a lethal choking hazard to small children not contemplated by reasonable persons among those considered consumers and was unreasonably dangerous to end users when used in reasonably expected ways.

15. The grill was unreasonably dangerous and defective.

16. The Plaintiffs set up the grill on an exterior wooden deck at their rural residence in Lanesville, Indiana.

17. The grill remained on their deck and was used for routine grilling in accordance with the manufacturers' instructions.

18. The Plaintiffs were the natural parent of a daughter, L.R., who was 15 months old at the time of her death.

19. On March 10, 2021, L.R. was playing on the deck in the vicinity of the grill.

20. Unbeknownst to her parents, L.R. became entangled in the chain dangling beneath the grill.

21. L.R. asphyxiated and slipped into unconsciousness with the Weber grill chain around her neck.

22. Her mother, Maria found her caught in the chain and began CPR as her father, Andrew called EMS.

23. L.R. was transported to Harrison County Hospital and transferred to Norton's Children Hospital for treatment. She never regained consciousness.

24. L.R. was pronounced dead on March 11, 2021.

25. This is a claim for wrongful death under Indiana code 34-23-2-1.

## COUNT I: NEGLIGENCE

26. All of the allegations supra are incorporated herein by reference.

27. Defendants had a duty to properly design, manufacture, test, market, deliver, label, package, warn, prepare, maintain, repair, inspect and/or promote the grill.

28. Defendants knew, or in the exercise of reasonable care should have known, that the aforesaid grill was of such a nature that if it was not properly designed, manufactured, tested, delivered, labeled, marketed, maintained, packaged, inspected, repaired and/or promoted nor provided with adequate warnings or instructions that it was likely to injure an intended user such as the Plaintiffs.

29. Defendants negligently designed, assembled, manufactured, marketed, and sold the grill in such a manner that it created an unreasonable danger of physical harm and injury to the reasonably foreseeable and intended user of the grill.

30. The Defendants, and each of them, failed to exercise reasonable care in the design, assembly, manufacture, marketing and sale of the grill.

31. The dangerous design, manufacture, and marketing of the grill was the proximate cause of the death of L.R.

## COUNT II: FAILURE TO WARN

32. All of the allegations supra are incorporated herein by reference.

33. The subject grill lacked adequate warnings to notify the intended users of the foreseeable hazard of child strangulation.

34. Defendants knew or should have known of the defective and unreasonably dangerous condition of the grill and its components to its users before and after its sale. The continued promotion, sale and production of the grill with the knowledge of its defects and unreasonable dangerousness imposed an obligation on Defendants to properly warn the previous purchasers and potential users, which included the Plaintiffs, of the defective and unreasonably dangerous condition of the grill and to recall the grill.

35. The Defendants failed to properly package and label the grill in such a manner as to give reasonable warning of the danger of the product, or to give reasonably complete instructions on the proper use of the product.

36. The absence of adequate warnings concerning the grill's choking hazard to children posed an unreasonable danger to consumers and operators.

37. The negligence of Defendants in failing to fulfill their post sale duty to warn about the dangerousness of the grill and to recall the grill in a timely manner caused the death of L.R.

WHEREFORE, Plaintiffs, Andrew Rodgers and Maria E. Rodgers, demand judgment against the Defendants, Weber Inc. and Home Depot, U.S.A., Inc. in an amount reasonable to compensate them for:

   a. The loss of the services of L.R.;

   b. The loss of the love and companionship of L.R.;

c. The expenses for health care and hospitalization of L.R.;

   d. The expenses for the funeral and burial of L.R.;

   e. The reasonable expense of psychiatric and psychological counseling incurred by the Plaintiffs and the siblings of L.R.;

Plaintiffs also demand any and all other general or special relief to which it may appear to the Court Plaintiffs are entitled.

RESPECTFULLY SUBMITTED,

s/ Matthew J. Schad
Matthew J. Schad, #20762-22
SCHAD & SCHAD, P.C.
223 East Spring Street
New Albany, IN  47150
Phone: (812) 945-4555
Fax:    (812) 945-5335
E-mail: mschad@schadlaw.com
Attorney for Plaintiffs


Co-Counsel for Plaintiffs:

Sunnye Bush-Sawtelle, #33975-31
Gordon Ingle, # 11221-22
Ingle Law Office
699 Hillview Drive
Corydon, IN 47112
(812) 738-8100

# DEMAND FOR JURY TRIAL

Come now the Plaintiffs, Andrew Rodgers and Maria E. Rodgers and demand a trial by jury on all issues so triable.

/s/ Matthew J. Schad
Matthew J. Schad, #20762-22
SCHAD & SCHAD, P.C.
Attorney for Plaintiffs